<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

BUCKINGHAM ADULT MEDICAL
DAY CARE CENTER, LLC,

          Plaintiff,

v.

THE STATE OF NEW JERSEY, et al.,

          Defendants.

Hon. Stanley R. Chesler, U.S.D.J.

Civil Action No. 09-3919

**OPINION**

<u>**CHESLER, District Judge**</u>

       This matter comes before this Court on two motions: 1) the motion for a preliminary injunction by Plaintiff Buckingham Adult Medical Day Care Center, LLC; and 2) the cross-motion to dismiss the Complaint for failure to state a claim upon which relief can be granted, pursuant to FED. R. CIV. P. 12(b)(6), by Defendants the State of New Jersey, the New Jersey Department of Health and Human Services, Commissioner Heather Howard, the New Jersey Department of Human Services, Division of Medical Assistance and Health Services, and Commissioner Jennifer Velez (collectively, "Defendants").  For the reasons set forth below, Plaintiff's motion for a preliminary injunction is denied, and Defendants' cross-motion to dismiss is granted.

**BACKGROUND**

This case arises out of a dispute regarding a provision in a New Jersey statute. The Complaint alleges that, on June 29, 2009, the New Jersey state legislature approved the State Fiscal Year 2010 Appropriations Act, with an effective date of July 1, 2009. The Act included this provision (the "Cap" or the "Provision"): "no licensed facility in the adult Medical Day Care Program may serve or receive reimbursement for more than 200 Medicaid beneficiaries per day." Plaintiff is a facility in the adult Medical Day Care Program, licensed by the State of New Jersey for two shifts of 250 slots each per day, for a total of 500 patients. On August 6, 2009, Plaintiff filed a Complaint in this Court asserting eight claims, all asserting that the Provision is unconstitutional under the New Jersey and federal constitutions. Plaintiff also sought both a temporary restraining order and to proceed by way of an order to show cause why a preliminary injunction should not issue. This Court denied the applications for emergent relief and Ordered Plaintiff to proceed by way of a motion on notice. Plaintiff then filed a motion for a preliminary injunction; Defendants filed a cross-motion to dismiss the Complaint.

**ANALYSIS**

**I.      Governing Legal Standards**

        A.      Standard for a Rule 12(b)(6) Motion to Dismiss

In deciding a motion to dismiss pursuant to Rule 12(b)(6), courts must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (quoting Pinker v. Roche Holdings, Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002)). A Rule 12(b)(6) motion to dismiss

should be granted only if the plaintiff is unable to articulate "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007). "The defendant bears the burden of showing that no claim has been presented." Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Twombly, 127 S. Ct. at 1964 (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 127 S. Ct. at 1964-65 (internal citations omitted); see also FED. R. CIV. P. 8(a)(2). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. at 1965 (internal citations omitted).

Factual allegations must be well-pleaded to give rise to an entitlement to relief:

> [A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009).

In reviewing a motion to dismiss, pursuant to Rule 12(b)(6), a court may consider the

3

allegations of the complaint, as well as documents attached to or specifically referenced in the complaint, and matters of public record. Pittsburgh v. W. Penn Power Co., 147 F.3d 256, 259 (3d Cir. 1998); see also 5B Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure: Civil 3d § 1357 (3d ed. 2007). "Plaintiffs cannot prevent a court from looking at the texts of the documents on which its claim is based by failing to attach or explicitly cite them." In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997).

The Supreme Court has characterized dismissal with prejudice as a "harsh remedy." New York v. Hill, 528 U.S. 110, 118 (2000). Dismissal of a count in a complaint with prejudice is appropriate if amendment would be inequitable or futile. Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004). "When a plaintiff does not seek leave to amend a deficient complaint after a defendant moves to dismiss it, the court must inform the plaintiff that he has leave to amend within a set period of time, unless amendment would be inequitable or futile." Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).

## II.   Plaintiff's motion for a preliminary injunction

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. NRDC, Inc., 129 S. Ct. 365, 374 (2008). Plaintiff has failed to show a likelihood of success on the merits.

Every count in the Complaint turns on Plaintiff's proving that the Provision at issue is unconstitutional under either the federal or the New Jersey state constitutions. It is well-established that "[l]egislatures are presumed to have acted constitutionally." McDonald v. Board

of Election Comm'rs, 394 U.S. 802, 809 (1969).  To obtain a preliminary injunction, then, Plaintiff must show that it is likely to succeed in overcoming the presumption of constitutionality accorded to legislative enactments.  Plaintiff has not done so.

To demonstrate a likelihood of success on the merits, Plaintiff relies largely on arguments that the relevant case law is favorable to its claims.  These arguments are unpersuasive.  As will be explained further in the discussion of the cross-motion to dismiss, the case law appears unfavorable to Plaintiff's claims, largely because of two central issues.  First, Plaintiff's substantive due process and equal protection claims turn on proving that the state legislature had no rational basis for enacting the Provision.  But conceiving of a rational basis for the Provision is easy: the Cap, for example, could be expected to improve patient care by limiting the number of patients a facility cared for.  Furthermore, in the opening brief, Plaintiff concedes that the Governor stated that the purpose of the legislation, as a whole, was to cut spending.  (Pl.'s Br. 17.)  Given that concession, it is difficult to imagine how Plaintiff will be able to prove that the legislature had no rational basis for enacting the Provision.  At trial, this Court will not determine whether the legislature was right or wrong in its belief that the Provision would cut spending, but whether the legislature could have rationally believed that the Provision would cut spending.  Plaintiff appears unlikely to succeed in persuading that the legislature had no rational basis for enacting the Provision.

Second, Plaintiff's procedural due process and takings claims turn on proving that Plaintiff has a legitimate claim of entitlement to a property interest.  Plaintiff's main argument to this end is that the state granted it a license to treat a larger number of patients than is allowed under the Cap.  The grant of a license to operate a service business does not create a legitimate

5

claim of entitlement to government reimbursement for every service the business renders.

Plaintiff points to the case law which holds that business licenses create a legitimate claim of entitlement in that states may not revoke such a license without due process of law. Plaintiff, however, has not alleged an actual revocation of the license, nor has Plaintiff even clearly argued, no less persuaded, that the Cap has functioned as a de facto revocation of the license.

Under Third Circuit law, protectible property interests are created by an "independent source," such as state law, which secures the benefit for the plaintiff.  Baraka v. McGreevey, 481 F.3d 187, 205 (3d Cir. 2007).   Plaintiff has not, at this point, persuaded this Court that the grant of a license to treat 250 patients has secured for it a claim to government reimbursement for the 50 patients over 200.  Plaintiff appears unlikely to succeed in persuading that such an independent source has created for it a legitimate claim of entitlement to government reimbursement for services to as many patients as its license allows.

Furthermore, as discussed below, the Complaint does not adequately state at least four of its claims.  For all these reasons, Plaintiff has failed to demonstrate a likelihood of success on the merits.  Because Plaintiff has not shown an overall likelihood of success on the merits, this Court need not address the other factors in the preliminary injunction analysis. For the reasons stated above, Plaintiff's motion seeking issuance of a preliminary injunction will be denied.

## III.    Defendants' 12(b)(6) cross-motion to dismiss

### A.    The equal protection and substantive due process claims

"[T]he first step in evaluating a section 1983 claim is to identify the exact contours of the underlying right said to have been violated and to determine whether the plaintiff has alleged a

deprivation of a constitutional right at all." Chainey v. Street, 523 F.3d 200, 219 (3d Cir. 2008) (citation omitted).

In Nicholas v. Pennsylvania State Univ., 227 F.3d 133, 139 (3d Cir. 2000), the Third Circuit, explaining the principles fundamental to a substantive due process claim, distinguished claims regarding legislative action from claims regarding executive action:

> The first thread of substantive due process applies when a plaintiff challenges the validity of a legislative act. Typically, a legislative act will withstand substantive due process challenge if the government identifies a legitimate state interest that the legislature could rationally conclude was served by the statute, although legislative acts that burden certain fundamental rights may be subject to stricter scrutiny.

Applying these principles in the context of a motion to dismiss, the Third Circuit has held that "to state a claim, [plaintiff's] complaint would have to allege facts that would support a finding of arbitrary or irrational legislative action by the [legislative body]." Pace Resources, Inc. v. Shrewsbury Township, 808 F.2d 1023, 1035 (3d Cir. 1987). Thus, in Pace, the complaint failed to state a valid claim because it did not "make any factual allegations that indicate irrationality." Id.

In the instant case, the Complaint fails to make any factual allegations that indicate irrational legislative action. The Complaint alleges a legislative action – enactment of the Provision – but states no facts which, if proven, would support a finding of irrational legislative action. The Complaint fails to state a valid claim for denial of Constitutionally-protected rights to substantive due process, pursuant to § 1983. Count V will be dismissed without prejudice.

Similarly, a claim for a violation of rights protected by the equal protection clause is decided through a "rational basis/arbitrary and capricious examination." Chiropractic Am. v.

7

LaVecchia, 180 F.3d 99, 106 (3d Cir. 1999).  The standard applied in this examination presents a difficult hurdle for a challenger to overcome:

> [A] classification neither involving fundamental rights nor proceeding along suspect lines is accorded a strong presumption of validity.  Such a classification cannot run afoul of the Equal Protection Clause if there is a rational relationship between the disparity of treatment and some legitimate governmental purpose. Further, a legislature that creates these categories need not actually articulate at any time the purpose or rationale supporting its classification.  Instead, a classification must be upheld against equal protection challenge if there is any reasonably conceivable state of facts that could provide a rational basis for the classification.

Heller v. Doe, 509 U.S. 312, 320 (1993) (citations omitted).

By analogy, to state a valid claim for an equal protection violation by a legislative classification which, as here, does not involve fundamental rights and is not otherwise suspect, Pace requires that the Complaint allege facts that would support a finding of arbitrary legislative action.  808 F.2d at 1035.  Count VI states no more facts than Count V did and, as such, fails to state facts which, if proven, would support a finding of arbitrary legislative action.  The Complaint fails to state a valid claim for denial of Constitutionally-protected rights to equal protection, pursuant to § 1983.  Count VI will be dismissed without prejudice.

B.     The takings and procedural due process claims

The Third Circuit recently restated the fundamental principles relevant to procedural due process claims as follows:

> In evaluating a procedural due process claim, we first determine whether the asserted individual interests are encompassed within the fourteenth amendment's protection of life, liberty, or property.  Property interests are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law – rules or understandings that secure certain benefits and that support claims of entitlement to those benefits.  To have a property interest in a benefit, a person clearly must have more than an abstract

> need or desire for it.  He must have more than a unilateral expectation of it.  He
> must, instead, have a legitimate claim of entitlement to it.

Baraka, 481 F.3d at 205 (citations omitted).  Thus, this Court must first determine whether

Plaintiff has alleged a property interest protected by the due process clause.  In the context of the

instant case, Plaintiff must allege sufficient facts to support a finding of a legitimate claim of

entitlement.

      The Complaint does not allege sufficient facts to support a finding that Plaintiff has a

legitimate claim of entitlement to Medicaid reimbursement for more than 200 beneficiaries per

day.  The only relevant fact alleged is that the State of New Jersey has licensed Plaintiff to

service over 200 patients per day.  (Compl. ¶ 13, 14, 18.)  The grant of a license to serve patients

is not sufficient to support a finding of a legitimate claim of entitlement to Medicaid

reimbursement for more than 200 beneficiaries per day.  A license to provide services does not,

under existing law, compel government reimbursement for those services.  The Complaint has

not sufficiently alleged a legitimate claim of entitlement to a property interest.  Count III will be

dismissed without prejudice.

      The same analysis applies to the examination of the sufficiency of Count I, for violation

of the takings clause of the Fifth Amendment.  "In order to succeed in a due process or takings

case under the Fifth Amendment, the plaintiff must first show that a legally cognizable property

interest is affected by the Government's action in question."  Prometheus Radio Project v. FCC,

373 F.3d 372, 428 (3d Cir. 2004).  As just established, the Complaint does not allege sufficient

facts to support finding such a legally cognizable property interest.  Count I will be dismissed

without prejudice.

Defendants' motion to dismiss the Complaint will be granted, and Counts I, III, V, and VI will be dismissed without prejudice.  Plaintiff will be granted leave to amend the Complaint in order to remedy the defects found in the pleading of these claims.

### CONCLUSION

For the reasons stated above, this Court **DENIES** Plaintiff's motion for a preliminary injunction, and **GRANTS** Defendants' motion to dismiss the Complaint for failure to state a claim upon which relief can be granted, pursuant to FED. R. CIV. P. 12(b)(6).  Plaintiff is granted leave to amend the Complaint within 45 days of the filing of this Opinion.

  s/ Stanley R. Chesler
Stanley R. Chesler, U.S.D.J.

Dated: December 7, 2009

10